**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN ENRIQUE BLANCO ALLY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-1965 |
| | ) | |
| WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

# MEMORANDUM ORDER

## I. INTRODUCTION

Presently pending before the Court is Petitioner Stephen Enrique Blanco Ally's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") (Docket No. 1).

Petitioner, a native and citizen of Venezuela, entered the United States on a B-2 Visa in 2021 and thus was admitted until August 17, 2021 but failed to depart by that date. Petitioner was approved for Temporary Protected Status ("TPS") during Venezuela's 2021 designation but his re-registration application for TPS status was terminated after Venezuela's TPS designation was terminated in late 2025. As counsel for Petitioner noted in the Petition, Petitioner also had filed an I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. (*See* Docket No. 1, ¶ 28). The Petition did not note but as reflected in the Order of the Immigration Judge attached thereto (Docket No. 1-9), the Immigration Judge denied such application.

Petitioner was served a Form I-862 Notice to Appear asserting that he was removable pursuant to 8 U.S.C. § 1227(a)(1)(B). On April 3, 2026, Petitioner requested bond and custody redetermination and the Immigration Judge denied bond on April 9, 2026. (Docket No. 1-6).

Petitioner appealed the bond determination. On May 8, 2026, the Immigration Judge issued a Bond Memorandum explaining the decision. (Docket No. 1-8). Petitioner's appeal of the bond redetermination remains pending before the Board of Immigration Appeals ("BIA"). Petitioner was ordered removed on April 17, 2026 and Petitioner also appealed that decision to the BIA.

## II. DISCUSSION

Respondents acknowledge that Petitioner currently is detained as a bond-eligible alien pursuant to the Government's discretionary authority under 8 U.S.C. § 1226(a). Section 1226(a) authorizes the Attorney General to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). As long as the alien is not covered by Section 1226(c) (applying to those who fall within one of the enumerated categories of criminal offenses and terrorist activities), the Attorney General "may continue to detain the arrested alien" or "may release the alien on . . . bond . . . or conditional parole[.]" 8 U.S.C. § 1226(a)(1), (2). "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

The Attorney General, through the Department of Homeland Security's district director, makes an initial custody determination as to whether an alien should be detained pending completion of removal proceedings, or whether the alien should be released on bond. *See* 8 C.F.R. § 236.1(c). If the district director denies bond and the alien is not subject to an administratively final order of removal, the alien may seek release by requesting an initial bond redetermination hearing before an immigration judge. *See* 8 C.F.R. §§ 236.1(d), 1003.19. If denied bond, the alien subsequently can request an additional bond redetermination hearing before an immigration judge, but only "upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal an immigration judge's

decision on a bond redetermination to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 236.1(d)(3).

The BIA's decision to detain or release an arrested alien on bond is discretionary and generally is not subject to judicial review. *See* 8 U.S.C. § 1226(e) (providing that the Attorney General's discretionary judgment regarding the application of § 1226 shall not be subject to review and stating that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole").

Here, Petitioner has been provided a bond hearing before an immigration judge who denied release. That decision is appealable to the BIA. *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f). However, "various provisions of the [Immigration and Nationality Act ("INA")] limit an alien's ability to collaterally attack (challenge) ongoing immigration proceedings through habeas." *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026) (*per curiam*). Notably, 8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9); *see also* 8 U.S.C. § 1226(e) (quoted above). These statutory provisions "strip[] the District Court of jurisdiction" and require the alien to "wait to raise his claims until he files a petition for review (PFR) of a final order of removal." *Khalil*, 164 F.4th at 273 (indicating that detention is an "'action taken' as a part of . . . removal proceedings," and applying §

1252(b)(9) to conclude that legal challenges to both removal and detention pending removal proceedings "arise from" that action or proceeding and are inextricably linked to it such that these challenges may be reviewed meaningfully on a PFR).

In this Court's considered judgment, the Petitioner has already had a bond hearing and has not exhausted his administrative remedies for challenging that decision. Moreover, to the extent Petitioner seeks judicial review of questions of law and fact inextricably linked to and arising from an action taken or proceeding brought to remove Petitioner from the United States, including the application of the Due Process Clause to the regulatorily established process applied by the Immigration Judge at the bond hearing afforded to Petitioner pursuant to Section 1226(a), such challenge must be adjudicated first by the BIA and then pursuant to petition for review (PFR) of a final order of removal. *Khalil*, 164 F.4th at 273.

Furthermore, it appears that Petitioner is challenging the circumstances of his arrest into the custody of immigration authorities. This Court lacks authority to adjudicate such a claim under 8 U.S.C. § 1252(g) because the claim "arise[s] from the decision or action by the Attorney General to commence proceedings" and under 8 U.S.C. § 1252(b)(9) because judicial review is limited to "judicial review of a final order." *Cf. Tazu v. Attorney General of the United States*, 975 F.3d 292, 298-99 (3d Cir. 2020); *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482-83 (1999). *See also Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

Finally, under the facts and circumstances of this case, the Court does not find that Petitioner's detention has become prolonged such that it would violate any applicable constitutional due process considerations. *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274 (3d Cir. 2018).

## III. CONCLUSION

Petition for Writ of Habeas Corpus is denied. Accordingly, the Court enters the following Order:

AND NOW, this 20th day of November, 2026, IT IS HEREBY ORDERED that Stephen Enrique Blanco Ally's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DENIED.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record